# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 5, 2013

No. 12-51055
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JERMAINE MEDEARIS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-132-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty-plea conviction for assaulting, resisting, or impeding two United States deputy marshals, Jermaine Medearis received a within-Guidelines sentence of 41 months' imprisonment. He contends: his sentence is substantively unreasonable due to the double counting of his prior convictions for determining his career-offender status and criminal-history score; the district court failed, *inter alia*, to consider that he faced a revocation sentence arising out

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the same conduct, and that he had two children; and a sentence at the bottom of the advisory Guidelines sentencing range would have been more reasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a *properly-preserved objection* to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Medearis does not claim procedural error.

Because Medearis did not object to the substantive reasonableness of his sentence in district court, review is only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). For reversible plain error, Medearis must show, *inter alia*, a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so.

Medearis notes the standard of review for substantive- reasonableness claims not raised in district court is subject to a circuit split, and contends the approach of the Seventh and Ninth Circuits to apply an abuse-of-discretion standard is correct. *See United States v. Autery*, 555 F.3d 864, 869-71 (9th Cir. 2009); *United States v. Castro-Juarez*, 425 F.3d 430, 433-34 (7th Cir. 2005). He acknowledges this contention is foreclosed by our court's decision in *Peltier*, and raises it only to preserve it for possible further review.

Our court has held "double-counting is prohibited only if it is *specifically forbidden* by the particular [G]uideline at issue". *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001) (emphasis added). Guideline § 4B1.1 (defining "career offender", and setting offense levels and advisory sentencing ranges for such offenders) does not prohibit the double counting which Medearis complains

renders his sentence unreasonable. Moreover, the district court considered Medearis' reasons for requesting a lower sentence, including his facing a revocation sentence. The court stated it had considered the 18 U.S.C. § 3553(a) factors and found "the [G]uideline range in this case to be fair and reasonable". Medearis' within-Guidelines sentence is presumptively reasonable and entitled to great deference. *E.g., United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Medearis has not shown his sentence is substantively unreasonable, nor has he rebutted the presumption of reasonableness that attaches to his within-Guidelines sentence. *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

AFFIRMED.